UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/16
```

KEVIN FLOOD, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

JUST ENERGY MARKETING CORP., JUST ENERGY NEW YORK CORP., AND JUST ENERGY GROUP, INC.,

        Defendants.

15 Civ. 2012 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

  In this wage-and-hour action, Plaintiff, Kevin Flood, individually and on behalf of others similarly situated, alleges that Defendants, Just Energy Marketing Corp. ("JE Marketing"), Just Energy New York Corp. ("JE New York"), and Just Energy Group, Inc. ("JE Group"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Plaintiff moves for conditional collective action certification and court-authorized notice pursuant to 29 U.S.C. § 216(b). For the reasons stated below, Plaintiff's motion is GRANTED.

## BACKGROUND[1]

  JE Group is a publicly-traded, Canadian corporation. Compl. ¶ 6, ECF No. 1. JE Marketing and JE New York, both JE Group subsidiaries, are Delaware corporations. *Id.* ¶¶ 7-8. Defendants' principal business is the marketing and sale of natural gas and electricity. *Id.* ¶ 9. Defendants operate in approximately thirteen states, including New York, where Plaintiff worked for Defendants as a door-to-door marketer from September 2011 to December 2014. *Id.* ¶¶ 5, 9. Plaintiff claims, *inter alia*, that Defendants violated the FLSA by: (1) misclassifying

---

[1] The following facts are taken from the complaint and Plaintiff's declaration, and are accepted as true for the purposes of this motion. *See, e.g., Trinidad v. Pret a Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (explaining that a conditional collective action certification determination "is not limited to a review of the allegations in the [c]omplaint" but rather "include[s] plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members'" (citation omitted)).

him and other door-to-door marketers who worked in New York for Defendants within the three years prior to commencement of this action (*i.e.*, the proposed collective) as independent contractors exempt from federal and state minimum wage and overtime wage obligations; and (2) failing to pay minimum wages and overtime wages as required by federal and state law. *Id.* ¶¶ 5, 34-36.

Plaintiff alleges that he and other members of the proposed collective: (1) worked at least five days a week, from 9:00 a.m. to 9:00 p.m., soliciting Defendants' services to potential customers;[2] (2) were trained by Defendants and obligated to follow particular corporate procedures, including the use of written scripts when making sales;[3] (3) were obligated to report by 9:30 a.m. to one of Defendants' offices, where they would attend regular meetings with supervisors, and to report back each evening at around 9:00 to 10:00 p.m.;[4] (4) were assigned specific geographic areas for solicitation and transported to those locales in company vehicles;[5] (5) were required to wear clothing bearing Defendants' insignia and to only use marketing material provided by Defendants;[6] (6) were paid only on commission;[7] and (7) were prohibited from providing similar services to Defendants' competitors and were required to sign independent contractor agreements of an unspecified duration.[8] Plaintiff claims that he is aware of at least thirty other people who worked as door-to-door marketers for Defendants in New

---

[2] Compl. ¶¶ 9, 11, 14; Pl. Decl. ¶¶ 2, 6, ECF No. 31.

[3] Compl. ¶¶ 12-13; Pl. Decl. ¶ 5

[4] Compl. ¶¶ 14, 16, 18; Pl. Decl. ¶¶ 8, 10

[5] Compl. ¶¶ 17-20; Pl. Decl. ¶¶ 9-10

[6] Compl. ¶¶ 15, 22; Pl. Decl. ¶¶ 5, 7

[7] Compl. ¶¶ 23-28; Pl. Decl. ¶¶ 12-18

[8] Compl. ¶¶ 21, 32; Pl. Decl. ¶¶ 7, 11.

York, were misclassified as exempt, and compensated only in commissions.[9] Pl. Decl. ¶ 3.

## DISCUSSION

I.     Conditional Certification

    A. Legal Standard

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To effectuate these broad remedial goals, Section 216(b) of the FLSA permits "similarly situated" employees to maintain collective actions to remedy violations of the statute, but only if such employees "consent in writing." *Id.* § 216(b). Accordingly, potential plaintiffs must "opt-in" to participate in a FLSA collective action. The FLSA does not guarantee an initiating plaintiff a right to obtain a court-ordered notice to potential opt-ins; rather, district courts have discretion to implement Section 216(b) by facilitating notice. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).

Courts in this Circuit utilize a two-step process to determine whether to certify a collective action. *Id.* at 554-55. At the first stage (*i.e.*, the conditional certification stage), plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* at 555. "In a FLSA exemption case" such as this, a plaintiff satisfies his burden by "making some showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions' . . . who are classified as exempt pursuant to a common policy or scheme." *Id.* (citation omitted). If a plaintiff satisfies his "modest" burden, the court may authorize the plaintiff to send out notices to potential opt-in plaintiffs who may be

---

[9] Plaintiff claims that all of Defendant's New York offices were supervised by the same person. Pl. Supp. Decl. ¶ 3, ECF No. 34.

"similarly situated" to the named plaintiff with respect to the FLSA violation alleged. *Id.* "[C]ourts generally grant conditional certification" because "the determination that plaintiffs are similarly situated is merely a preliminary one." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158-59 (S.D.N.Y. 2014). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether [those] who have opted in are in fact 'similarly situated' to the named plaintiff[]." *Myers*, 624 F.3d at 555. The court may decertify the collective action if it determines that the opt-in plaintiffs are not in fact similarly situated, and the opt-in plaintiffs' claims will be dismissed without prejudice. *Id.*

B. Application

Applying the foregoing principles, the Court finds Plaintiff has made a "modest factual showing" that he and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the [FLSA]." *Id.* (internal quotation marks and citation omitted). Plaintiff claims that pursuant to a common policy, he and other members of the proposed collective were all misclassified as independent contractors and paid only on a commission basis. Plaintiff states that he knows other door-to-door marketers subjected to these practices based on his personal observations of and discussions with those workers. Indeed, Plaintiff names thirty-six other door-to-door marketers who worked at Defendants' offices in Kew Gardens, Syracuse, and Yonkers and were allegedly subject to same practices. *See* Pl. Supp. Decl. ¶ 2. This showing is sufficient to carry Plaintiff's minimal burden at the conditional certification stage. *See, e.g., Ramos v. Platt*, 13 Civ. 8957, 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014) ("[C]onditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits."); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011)

(explaining that "courts regularly grant conditional certification of collective actions based on employee affidavits setting forth an employer's failure to pay minimum wage or overtime and identifying similarly situated employees by name").

The Court finds Defendants' arguments in opposition to the motion unpersuasive. First, Defendants' arguments directed at the "veracity" of Plaintiff's allegations, *see* Def. Mem. 7-8, ECF No. 32, are inappropriate at this stage, as "the [C]ourt does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). In addition, Defendants' contention that Plaintiff's motion should be denied because Plaintiff did not specifically name those workers who he asserts are similarly situated, *see* Def. Mem. 7, 9, is without merit, for Plaintiff identified these individuals in his supplemental declaration and, moreover, it is not "explicitly required [that] plaintiffs . . . identify similarly situated employees by name to obtain conditional certification," *Hernandez v. Immortal Rise, Inc.*, 11 Civ. 4360, 2012 WL 4369746, at *4 (E.D.N.Y. Sept. 24, 2012).

Second, the Court disagrees with Defendants' contention that conditional certification is improper because Plaintiff provides no evidentiary support for his motion beyond a personal declaration, which Defendants characterize as vague, self-serving, and conclusory. *See* Def. Mem. 7-10. Plaintiff's declaration is sufficiently specific, *see, e.g., Harhash v. Infinity W. Shoes, Inc.*, 10 Civ. 8285, 2011 WL 4001072, at *1-4 (conditionally certifying collective action based on plaintiffs' declarations stating that they had spoken with or knew employees at defendants' other stores who complained of the same compensation practices), and "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit," *Ramos*, 2014 WL 3639194, at *2 (internal quotation

5

marks and citation omitted).

Finally, the Court rejects Defendants' argument that the scope of the conditional certification should be limited to only the two offices at which Plaintiff worked because Plaintiff's personal knowledge is limited to only these locations.[10] *See* Def. Mem. 11. "Courts have found employees 'similarly situated' for purposes of the FLSA where they . . . worked at different locations, as long as they were subject to the same allegedly unlawful policies. The fact that employees worked at different locations does not mean that they are not entitled to notice of this lawsuit." *Diaz v. S & H Bondi's Dept. Store*, 10 Civ. 7676, 2012 WL 137460, at *6 (S.D.N.Y. Jan. 18, 2012). Plaintiff alleges the existence of the same allegedly unlawful practices at both locations where he was employed, named similarly situated workers at these sites as well as Defendants' Syracuse office, and alleges common ownership and supervision of all of Defendants' New York locations. This showing "supports a reasonable inference that [Plaintiff's] experiences reflected a company-wide policy." *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 270 (S.D.N.Y. 2012); *see, e.g., id.* at 270-71 (conditionally certifying collective action of all foremen and laborers at defendants' construction sites, including those where no named plaintiffs worked, based on, *inter alia*, allegations of common conduct across multiple locations and common ownership and control); *Rosario*, 828 F. Supp. 2d at 516-17 (collecting cases) (conditionally certifying collective action of workers at twenty-seven stores based on allegations of similar unlawful practices at seven locations).

The Court, therefore, finds that Plaintiff has made the requisite factual showing that he and potential opt-in plaintiffs were "together were victims of a common policy or plan that violated the [FLSA]." *Myers*, 624 F.3d at 555. Accordingly, the motion for conditional

---

[10] Defendants assert that Plaintiff only worked at Defendants' regional sales offices in Kew Gardens and Yonkers. Gerlus Decl. ¶ 3, ECF No. 32-1. Defendants maintain four other regional sales offices in New York. *Id.*

6

collective action certification is GRANTED.

II.  Notice and Expedited Discovery

Although § 216(b) has no provision for issuing notice in a collective action, it is well settled that district courts have the power to authorize a plaintiff to send notice to potential opt-in plaintiffs. *See, e.g., Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105-06 (S.D.N.Y. 2003). Rather, the Supreme Court has stated that the details of notice issued pursuant to § 216(b) should be left to the discretion of the district court. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "When exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (internal quotation marks and citation omitted).

Plaintiff has submitted a proposed notice and consent to join form, Anderson Decl. Ex. B, ECF No. 31, and requests that the Court: (1) approve dissemination of the proposed notice; and (2) direct Defendants to provide contact information for all members of the proposed collective, *see* Pl. Mem. 6-7, ECF No. 30. The Court finds that dissemination of notice is appropriate in this case, and authorizes Plaintiff to send notice to potential opt-in plaintiffs in accordance with the process set forth below.

First, Plaintiff requests that the Court approve dissemination of the notice to all potential

7

opt-in plaintiffs who worked for Defendants within the three-year period prior to commencement of this action. Pl. Mem. 6. Defendants object to this request, arguing that a two-year statute of limitations period applies because Plaintiff did not allege willful violations of the FLSA in his declaration. *See* Def. Mem. 14. The complaint, however, does allege that Defendant's purported violations were willful, *see* Compl. ¶ 57, and "[c]ourts in this circuit have generally held that where willfulness is in dispute, a three[-]year statute of limitations applies at the conditional certification stage," *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012); *see also Rosario*, 828 F. Supp. 2d at 519 ("Although defendants contend that plaintiff has not alleged facts supporting the conclusion that defendants' alleged conduct was willful, 'specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs or the named Plaintiff can be addressed after the completion of discovery during the second phase of the collective action certification process.'" (quoting *Fasanelli*, 516 F. Supp. 2d at 323)). Accordingly, Plaintiff's request is GRANTED, and notice shall be sent to all potential opt-in plaintiffs who worked for Defendants within three years prior to commencement of this suit.

Next, Plaintiff requests that the proposed notice be conspicuously posted in a common area at each of Defendants' New York offices. Pl. Mem. 6. Defendants oppose this, arguing that the posting of notice is not required and would be prejudicial. Def. Mem. 14. Courts in this Circuit, however, "routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). Therefore, Plaintiff's request is GRANTED, and Defendants shall conspicuously post notice in a common area at each of their New York offices.

Finally, Plaintiff requests that the Court direct Defendants to produce a computer-

8

readable list of the names, addresses, telephone numbers, and e-mail addresses of all potential opt-in plaintiffs. Pl. Mem. 7. Defendants object, contending that Plaintiff will use contact information to unduly solicit participation in the collective action. *See* Def. Mem. 15. Defendants' concerns notwithstanding, courts in this circuit regularly order the production of this sort of contact information when granting conditional certification motions. *See, e.g., Pippins v. KPMG LLP*, 11 Civ. 0377, 2012 WL 19379, at *15 (S.D.N.Y. Jan. 3, 2012) (declining defendant's request for a third-party notice administrator to issue notice and ordering production of "a computer-readable list containing all potential collective action members' names, last known mailing addresses, last known telephone numbers, email addresses, work locations, and dates of employment"); *Ack v. Manhattan Beer Distribs., Inc.*, 11 Civ. 5582, 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) (collecting cases) (noting that courts "routinely order discovery of names, addresses, and telephone numbers in FLSA actions"). Accordingly, Plaintiff's request for expedited discovery is GRANTED, and Defendants shall produce a computer-readable list of all names, addresses, telephone numbers, and e-mail addresses for all potential opt-in plaintiffs by **February 5, 2016**.

Defendants raise no other specific objections with respect to either the substance of Plaintiff's proposed notice or the terms of its dissemination, but they do request that the Court direct the parties to engage in a meet-and-confer session to negotiate appropriate notice. *See* Def. Mem. 13-15. Plaintiff does not object, *see generally* Pl. Reply, ECF No. 33, and courts in this district have approved similar meet-and-confer sessions. *See, e.g., Costello v. Kohl's Illinois, Inc.*, 13 Civ. 1359, 2014 WL 4377931, at *8 (S.D.N.Y. Sept. 4, 2014) (directing parties to engage in a meet-and-confer session). Accordingly, the Court directs the parties to meet and confer on remaining issues related to the form or dissemination of notice. By **February 12,**

9

**2016**, the parties shall submit a joint proposal that is consistent with this order and includes a revised notice and consent to join form as well as procedures for the dissemination and posting of notice.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for conditional collective action certification is GRANTED, and it is ORDERED that:

1. Plaintiff and Defendants shall meet and confer on the form and dissemination of notice, and the parties shall submit a joint proposal for Court approval by **February 12, 2016**;

2. By **February 5, 2016**, Defendants shall produce to Plaintiff a computer-readable list of all names, addresses, telephone numbers, and e-mail addresses for all collective members who worked for Defendants at any time from March 17, 2012 to the present;

3. Plaintiff's counsel is authorized to send the revised notice, opt-in consent form (after the Court grants final approval) to all collective members by first-class mail and e-mail; and

4. Defendants shall conspicuously post the revised notice and opt-in consent form in a common area at each of their New York offices no later than seven (7) days after the Court grants final approval of the notice.

The Clerk of Court is directed to terminate the motion at ECF No. 29.

SO ORDERED.

Dated: January 25, 2016
       New York, New York

                                               ANALISA TORRES
                                         United States District Judge

11